PROSKAUER ROSE LLP
Marguerite Stenson Wynne (MW-2151)
One Newark Center
Newark, New Jersey 07102
(973) 274-3260

1585 Broadway
New York, New York 10036
(212) 736-8185

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

TRUSTEES of the MASON TENDERS       :
DISTRICT COUNCIL WELFARE FUND,      :
PENSION FUND, ANNUITY FUND and       :    05 Civ. 2137 (AKH) [ECF Case]
TRAINING PROGRAM FUND,             :
                            :

           and                      :

MASON TENDERS DISTRICT COUNCIL OF    :
GREATER NEW YORK, by its Business Manager    :    **COMPLAINT**
Robert Bonanza,                           :

                 Plaintiffs,       :

           - against -           :

BEDROCK DEVELOPMENT, INC. and       :
SEAN FLAHERTY,                    :

                Defendants.     :

-------------------------------------------------------------------X

      Plaintiffs, the Trustees of the Mason Tenders District Council Welfare Fund, Pension

Fund, Annuity Fund and Training Program Fund (collectively, the "Funds") and the Mason

Tenders District Council of Greater New York (the "Union"), by and through their attorneys,

Proskauer Rose LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.      This is a civil action brought, *inter alia*, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) (hereinafter referred to as "ERISA"), and section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by the Trustees of the Funds and by the Union, through its Business Manager, for injunctive and other equitable relief and for breach of contract.  This Complaint alleges that by failing, refusing or neglecting to comply with specific statutory and contractual obligations, defendants violated their collective bargaining agreements, the respective trust agreements of the Funds (the "Trusts"), the Taft-Hartley Act and/or ERISA.

2.      Jurisdiction of this Court is invoked under the following statutes:

   (a)     Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f));

   (b)     Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

   (c)     28 U.S.C. § 1331 (federal question);

   (d)     28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

   (e)     principles of pendent jurisdiction.

3.      Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)) and section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

## PARTIES

4.      Plaintiff Trustees are the trustees of jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5), (c)(6)).  The Funds are employee benefit plans within the meaning of sections 3(1),

2

3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3) and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The purpose of the Funds is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the Union. The Mason Tenders District Council Welfare Fund also collects the required monetary contributions due to the New York State Laborers-Employers Cooperation and Education Trust Fund ("NYS-LECET"), the Greater New York-Laborers Employers Cooperation and Education Trust Fund ("GNY-LECET"), the New York State Health and Safety Trust Fund ("NYSHST") and the Industry Advancement Program ("IAP"), as their authorized agent, and remits said contributions to the NYS-LECET, GNY-LECET, NYSHST and IAP. The Funds maintain their offices and are administered at 520 8th Avenue, New York, New York 10018, in the City, County and State of New York.

5.    The Trustees of the Funds are fiduciaries within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132), and bring this action in their fiduciary capacity.

6.    Plaintiff Union is a labor organization within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union is the representative of its constituent locals, each local being a labor organization operating as a labor union with more than seven members within the City and State of New York. The Union maintains its offices and is administered at 520 8th Avenue, New York, New York 10018, in the City, County and State of New York.

7.     Robert Bonanza is the Business Manager of the Union and brings this action for dues checkoffs and Political Action Committee ("PAC") contributions in his representative capacity pursuant to section 12 of the General Associations Law of the State of New York.

8.     At all times material hereto, defendant Bedrock Development, Inc. ("Bedrock") has been a for-profit domestic corporation doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and has been an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

9.     Defendant Bedrock executed certain collective bargaining agreements with the Union (the "Agreements"), with respect to which plaintiff Funds are third-party beneficiaries, and thereby agreed to comply with and to be bound by all of the provisions of the Agreements.

10.    At all times material hereto, defendant Sean Flaherty ("Flaherty") has been the President of defendant Bedrock and has been acting in its interest, and has been vested with authority and control with respect to all obligations owed by defendant Bedrock under the terms of the Agreements.

11.    Defendant Flaherty executed the Agreements individually, as well as on behalf of defendant Bedrock, and thereby personally agreed to comply with and to be bound by all of the provisions of the Agreements.  As such, defendant Flaherty is an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft- Hartley Act (29 U.S.C. § 185).  Defendant Flaherty is sued herein in his individual and official capacities.

4

## THE AGREEMENTS AND TRUSTS

12.     By their terms, the Agreements, *inter alia*, personally bound defendant Flaherty to

assume all the obligations of defendant Bedrock under the Agreements.  The Agreements provide

in relevant part:

> The parties hereto have caused this Agreement to be signed this
> day and year by their duly authorized officers, and represent to each other
> that they were duly authorized to enter into this Agreement.  The person
> signing on behalf of the Employer also agrees to be personally bound by
> and to assume all obligations of the Employer provided in this Agreement
> and said person warrants and represents that said person has authority to
> bind the Employer and the principals or members thereof.

13.     Pursuant to the terms of the Agreements and the Trusts, defendants Bedrock and

Flaherty are required, *inter alia*, to:

(a)     pay monetary contributions to the Funds and to the authorized agent of the
NYS-LECET, GNY-LECET, NYSHST and IAP (the "fringe benefit
contributions"), at the rates and times set forth in the Agreements, for all
work performed by defendants' employees within the trade and geographic
jurisdictions of the Union;

(b)     submit contribution reports to the Funds;

(c)     in the event defendants fail to timely pay fringe benefit contributions,
defendants are obligated to pay interest from the date such delinquent
contributions were due until the date of payment, and to pay all costs and
attorneys' fees incurred by the Funds in the recovery thereof;

(d)     deduct and remit to the Union dues checkoffs and PAC contributions (at
the rates per hour specified by the Union), from the wages paid to
employees who authorize said deductions in writing, for all work
performed by defendants' employees within the trade and geographic
jurisdictions of the Union;

(e)     permit and cooperate with the Funds and/or their designated
representatives in the conduct of audits of all books and records of
defendant Bedrock, including, without limitation, all payroll sheets,
computer payroll printouts, daily time records, job location records, cash
disbursement journals, State tax forms WRS-2, WT4A and 4B(NY), and
WR 30 (NJ), Federal tax forms W2, W3, 940, 941, 1096, 1099,
1120s/1120S and 1040 Schedule C, New York and New Jersey

5

employment records and reports, insurance company reports, supporting checks, general ledgers, vouchers, verification of work outside the trade and/or geographic jurisdiction of the non-party Union, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture, successor or other related company of defendants;

(f)     in the event the defendants fail to produce the books and records necessary for an audit, defendants are obligated to pay a penalty of $400.00, and if the Funds bring an action to obtain an audit defendants are obligated to pay the reasonable costs and attorneys' fees incurred by the Funds in bringing such action;

(g)     pay the costs of the audits of defendants' books and records if defendants are substantially delinquent in the payment of fringe benefit contributions to the Funds. "Substantially delinquent" is defined as any delinquency in the payment of fringe benefit contributions in excess of 10% of the fringe benefit contributions paid to the Funds during the period covered by the audits;

(h)     in the event the Funds bring an action to recover the costs of the audits, defendants are obligated to pay the reasonable costs and attorneys' fees incurred by the Funds in bringing such action; and

(i)     in the event that defendants engage in a substantial violation of the ratio of Tier B and Tier A Interior Demolition Workers during a quarter, defendants are required to contribute to the Funds the total difference in wages and benefits that defendants should have paid but did not pay.

## REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS

14.     Pursuant to the terms of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145), employers are required to pay fringe benefit contributions to plaintiff Funds in accordance with the terms and conditions of the Agreements.

15.     Failure to make such payment or timely payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

16.     The Agreements, the Trusts and section 502 of ERISA (29 U.S.C. § 1132) all provide that, upon a finding of an employer violation as set forth above, the Funds shall be

6

awarded the unpaid fringe benefit contributions, plus interest and liquidated damages on the unpaid and/or untimely paid fringe benefit contributions (both computed at the rate prescribed under section 6621 of Title 26 of the United States Code (26 U.S.C. § 6621)), together with reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

AS AND FOR A FIRST CLAIM FOR RELIEF
(FUNDS' CLAIM AGAINST DEFENDANTS
FOR FRINGE BENEFIT CONTRIBUTIONS)

17.     Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

18.     As a result of the work performed pursuant to the Agreements by individual employees of the defendants, fringe benefit contributions in the amount of $8,122.02 were due to plaintiff Funds from defendants Bedrock and Flaherty for the audited period May 17, 2000 through June 30, 2002.

19.     Additionally, as a result of work performed pursuant to the Agreements by individual employees of the defendants during the months of August 2002, February 2003 and March 2003, fringe benefit contributions in an amount no less than $28,980.80 (as estimated from shop steward reports) became due and owing to plaintiff Funds from defendants Bedrock and Flaherty.

20.     Part of the aforesaid fringe benefit contributions contractually due plaintiff Funds has been paid by the defendants, although all fringe benefit contributions have been duly demanded.  A balance of $32,450.02  remains due and owing.  Plaintiff Funds have therefore been damaged in an amount no less than $32,450.02.

7

21.    Defendants' failure to make payment or timely payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

22.    Accordingly, pursuant to the Agreements, the Trusts, and section 502 of ERISA (29 U.S.C. § 1132), defendants Bedrock and Flaherty are jointly and severally liable to plaintiff Funds for: (a) fringe benefit contributions in an amount no less than $32,450.02 for the period May 17, 2000 through June 30, 2002 and the months of August 2002, February 2003 and March 2003, plus such additional fringe benefit contributions found due and owing pursuant to an audit of defendants' books and records for the period July 1, 2002 to the date of judgment; and (b) the interest and liquidated damages on the unpaid and untimely paid fringe benefit contributions, together with reasonable attorneys' fees and costs incurred in this action.

AS AND FOR A SECOND CLAIM FOR RELIEF
(FUNDS' CLAIM AGAINST DEFENDANTS
FOR TIER VIOLATIONS)

23.    Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

24.    The audits of defendant Bedrock's books and records for the period May 17, 2000 through June 30, 2002 revealed that defendants Bedrock and Flaherty engaged in substantial violations of the tier ratio, as defined in the Agreements, during the third and fourth quarters of 2000.

25.    By virtue of the aforesaid substantial violations, there became due and owing to plaintiff Funds from defendants Bedrock and Flaherty the amount of $50,885.14 for said tier violations.

26.     No part of the contributions contractually due plaintiff Funds as a result of the tier violations has been remitted by defendants, although all contributions have been duly demanded. Plaintiff Funds have therefore been damaged in the amount of $50,885.14.

27.     The failure of defendants Bedrock and Flaherty to pay the contributions due as a result of the tier violations constitutes a violation of the Agreements.

28.     Accordingly, pursuant to the terms of the Agreements, defendants Bedrock and Flaherty are jointly and severally liable to plaintiff Funds for the contributions due as a result of the aforesaid tier violations in the amount of $50,885.14.

### AS AND FOR A THIRD CLAIM FOR RELIEF
(FUNDS' DEMAND FOR AN ORDER DIRECTING
DEFENDANTS TO PERMIT AN AUDIT)

29.     Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30.     Pursuant to the terms of the Agreements, as set forth in paragraph 13(e) above, defendants Bedrock and Flaherty are required to permit and cooperate with plaintiff Funds and/or their designated representatives in the conduct of audits of all of defendant Bedrock's books and records.

31.     As a result of defendants' aforesaid failure to make payment, plaintiff Funds have reason to believe that additional fringe benefit contributions are due and owing.

32.     Additionally, defendants have failed to produce the books and records necessary for an audit, although duly demanded by plaintiff Funds.

33.     Defendants' failure to cooperate in the conduct of an audit constitutes a violation of the Agreements.

34.     Accordingly, pursuant to the terms of the Agreements and the Trusts, plaintiff Funds demand an order directing defendants Bedrock and Flaherty to permit and cooperate in the conduct of an audit and to produce all of their books and records for the period July 1, 2002 to the date of judgment.

AS AND FOR A FOURTH CLAIM FOR RELIEF
(FUNDS' CLAIM AGAINST DEFENDANTS
FOR DAMAGES AND AUDIT COSTS)

35.     Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36.     Pursuant to the terms of the Agreement, as set forth in paragraph 13(f) above, defendants Bedrock and Flaherty are obligated to pay a penalty and to pay the reasonable costs and attorneys' fees incurred by the Funds in bringing this action if defendants fail to produce the books and records necessary for an audit.

37.     Defendants Bedrock and Flaherty have failed to produce the books and records necessary for an audit, although duly demanded by plaintiff funds.

38.     Defendants' failure to produce the books and records constitutes a violation of the Agreements.

39.     Accordingly, pursuant to the Agreements and the Trusts, defendants Bedrock and Flaherty are jointly and severally liable to plaintiff Funds in the amount of $400.00, plus the costs of any audits for the period July 1, 2002 to the date of judgment if such audits confirm that defendants are substantially delinquent in the payment of fringe benefit contributions for such periods, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action.

10

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (UNION'S CLAIM AGAINST DEFENDANTS
### FOR BREACH OF THE AGREEMENTS)

40.     Plaintiff Union repeats and realleges each and every allegation contained in
paragraphs 1 through 39 of this Complaint, as if fully set forth herein.

41.     As a result of work performed pursuant to the Agreements by individual
employees of defendants who authorized said deductions in writing, defendants Bedrock and
Flaherty deducted dues checkoffs and PAC contributions in the amount of $834.70 for the
audited period May 17, 2000 through June 30, 2002.

42.     Additionally, as a result of work performed pursuant to the Agreements by
individual employees of defendants during the months of August 2002, February 2003 and
March 2003, dues checkoffs and PAC contributions in an amount no less than $2,298.00 (as
estimated from shop steward reports) became due and owing to plaintiff Union from said
defendants.

43.     Part of the dues checkoffs and PAC contributions contractually due has been
remitted by defendants to plaintiff Union, although all unremitted dues checkoffs and PAC
contributions have been duly demanded.  A balance of $2,748.70  remains due and owing.
Plaintiff Union has therefore been damaged in an amount no less than $2,748.70.

44.     The failure of defendants Bedrock and Flaherty to remit such deductions
constitutes a violation of the Agreements.

45.     Accordingly, pursuant to the Agreements and section 301 of the Taft-Hartley Act
(29 U.S.C. § 185), defendants Bedrock and Flaherty are jointly and severally liable to plaintiff
Union for unremitted dues checkoffs and PAC contributions in an amount no less than $2,748.70
for the period May 17, 2000 through June 30, 2002 and for the months of August 2002, February

11

2003 and March 2003, plus such additional amounts found due and owing pursuant to the aforesaid audit of all of defendant Bedrock's books and records for the period July 1, 2002 to the date of judgment, with interest.

AS AND FOR A SIXTH CLAIM FOR RELIEF
(FUNDS' CLAIM FOR INJUNCTIVE RELIEF
AGAINST DEFENDANTS)

46.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

47.     As set forth above, defendants Bedrock and Flaherty have breached, and are currently in breach of their obligations under the Agreements and the Trusts, and have violated section 301 of the Taft-Hartley Act (29 U.S.C. § 1985) and section 515 of ERISA (29 U.S.C. § 1145).

48.     Defendants' prior conduct demonstrates a significant likelihood that they will continue to breach the aforementioned contractual and statutory provisions.

49.     Plaintiff Funds will suffer immediate and irreparable injury unless defendants Bedrock and Flaherty, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to timely pay and/or submit the required fringe benefit contributions and/or reports to the Funds, permit and cooperate in the conduct of audits, pay the costs of the audits, remit dues checkoffs and PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as defendants remain obligated to do so pursuant to the Agreements, the Trusts and ERISA.

50.     Plaintiff Funds have no adequate remedy at law to insure that defendants will adhere to their continuing obligations under the Agreements, the Trusts and ERISA.

12

51.     Accordingly, plaintiff Funds request that this Court issue an injunction preliminarily and permanently enjoining defendants Bedrock and Flaherty, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating the terms of the Agreements and the Trusts and requiring them to timely pay and/or submit the required fringe benefit contributions and/or reports to the Funds, permit and cooperate in the conduct of audits, pay the costs of the audits, remit dues checkoffs and PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as defendants remain obligated to do so pursuant to the Agreements, the Trusts and ERISA.

WHEREFORE, plaintiff Funds and plaintiff Union demand judgment against defendants Bedrock and Flaherty, jointly and severally:

(a)     for payment of all past due fringe benefit contributions in the amount of $32,450.02, plus all additional amounts found due and owing to plaintiff Funds pursuant to audits of defendant Bedrock's books and records for the period July 1, 2002 to the date of judgment, and which become due during the pendency of this action;

(b)     for accrued prejudgment interest on all late payments of fringe benefit contributions, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action, pursuant to the Agreements and the Trusts;

(c)     for accrued prejudgment interest on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

(d)     for liquidated damages on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

(e)     for reasonable attorneys' fees and costs pursuant to § 502(g)(2) of ERISA;

(f)     for payment of all tier violations in the amount of $50,885.14;

13

(g)    for an Order requiring defendants to permit and cooperate in the conduct of audits and to produce all of their books and records for the period July 1, 2002 to the date of judgment;

(h)    in the amount of $400.00 for failure to produce the books and records necessary for an audit, together with the reasonable costs and attorneys' fees incurred by the Funds in bringing this action, pursuant to the Agreements;

(i)    for remittance of all deducted dues checkoffs and PAC contributions in the amount of $2,748.70, plus all additional amounts found due and owing to plaintiff Union pursuant to audits of defendant Bedrock's books and records for the period July 1, 2002 to the date of judgment, and which become due during the pendency of this action, with interest;

(j)    for an Order preliminarily and permanently enjoining defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating the terms of the Agreements and the Trusts and requiring them to timely pay and/or submit the required fringe benefit contributions and/or reports to the Funds, permit and cooperate in the conduct of audits, pay the costs of the audits, remit dues checkoffs and PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing; and

(k)    for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 15, 2005

PROSKAUER ROSE LLP
Attorneys for Plaintiffs


By: /s/ Marguerite Stenson Wynne
    Marguerite Stenson Wynne (MW-2151)
One Newark Center
Newark, New Jersey 07102
(973) 274-3260

1585 Broadway
New York, New York 10036
(212) 736-8185